Jason Pistiner, Esq., #021280
Robert S. Singer, Esq., #021326

**Singer Pistiner, P.C.**

1 E. Camelback Road
Suite 550
Phoenix, Arizona 85012
(602) 264-0110
Fax – (602) 264-0440
jp@singerpistiner.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| SHARON LOUISE HODGES a married woman, | **Case No.:  2:11-cv-01438-SRB** |
| Plaintiff, | **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND RULE 12(F) MOTION TO STRIKE** |
| vs. | |
| STEVEN WRAY GRIMAUD and MELINDA GRIMAUD, husband and wife | |
| Defendants. | (Assigned to the Honorable Susan R. Bolton) |

Defendants, by and thru counsel undersigned, pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure, hereby submit their Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Rule 12(f) Motion to Strike.  This Motion is more fully supported by the attached Memorandum of Points and Authorities filed herewith.

RESPECTFULLY SUBMITTED this 16th day of August, 2011.

SINGER PISTINER, P.C.

 /s/ Jason Pistiner_____
Jason Pistiner
Attorney for Defendants

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>Introduction</u>

The Plaintiff's First Amended Complaint ("Complaint") alleges five causes of action against the Defendants.  They are: (1) Fraud upon the court; (2) Failure to pay a past due child support obligation; (3) Abuse of process; (4) Defamation; and (5) Intentional Infliction of Emotional Distress.

Plaintiff's allegation of fraud upon the court is based on actions that took place in state court twenty-four (24) years ago and she does not allege that the Defendants engaged in any fraud.

Plaintiff's allegation of a failure to pay a past due child support obligation and reliance that this Court has jurisdiction under the Child Support Recovery Act of 1992 ("CSRA"), 18 U.S.C. § 228, is misplaced because by the Plaintiff's own admission in her Complaint she acknowledges that the Defendant Steven Wray Grimaud ("Defendant") does not have a current child support order issued against him[1] and was found by the State of Maryland in 2008 to have met his child support obligation to the Plaintiff.[2]

Plaintiff's allegation of abuse of process refers to the obtaining of an Order of Protection against her by the Defendant in the State of Maryland.  The Order of Protection, by Plaintiff's own admission, was upheld after hearing where the Plaintiff hired legal counsel to represent her.[3]

The underlying alleged facts giving rise to Plaintiff's cause of action for defamation is that the Defendant made untrue statements regarding the Plaintiff in obtaining the Order of Protection against her in the State of Maryland.

Plaintiff's last cause of action is for intentional infliction of emotional distress ("IIED") because of the Defendant's alleged underpayment of child support.

---

[1] See Complaint, Page 14, Lines 15-16.
[2] See Complaint, Page 53, Lines 24-25.
[3] See Complaint, Page 27, Lines 3-4 & 18-22.

The Plaintiff has failed to state a claim upon which relief can be granted.  None of the five causes of action brought by the Plaintiff are supported by any facts nor grounded in the law. Additionally, many of the claims are barred by the applicable statute of limitations.

**Legal Standard**

To support the granting of a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the material allegations of the Plaintiff as true and construe them in the light most favorable to the Plaintiff.  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Circ. 1989).

The Court may grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

**Argument**

Fraud Upon the Court

"Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."  *Bulloch v. U.S.*, 763 F.2d 1115, 1121 (10th Cir. 1985).  "It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function…"  *Id.*

Clearly, "fraud upon the court" involves officers of the court, not the parties.  The Plaintiff has not brought any claims against any officers of any court.  Further, the Plaintiff has not even alleged that an officer of the court was corrupted or improperly influenced.  Instead, the Plaintiff alleges that in 1987, unnamed officers of the Prince Georges' County Court in Maryland

refused to examine the Defendant for his fitness to pay child support.[4]  The Plaintiff does not state that the Defendant or some other individual or entity corrupted or improperly influenced an officer of the Court.  Further, the Plaintiff's allegations are based solely on hearsay statements supposedly made to her twenty-four (24) years ago.  It is impossible for the Plaintiff to meet her burden of proof to succeed on a claim for fraud upon the court.

Additionally, the fraud that Plaintiff alleges is not one made upon this Court, but rather upon the Prince Georges' County Court in Maryland.  As such, this Court does not have subject matter jurisdiction over this issue.


<u>Count 1 – Failure to Pay Past Due Child Support Obligation</u>

Plaintiff alleges that she has a cause of action under the CSRA because the Defendant has willfully refused to pay a past due child support obligation.[5]  However, the Plaintiff acknowledges that the Defendant does not have a current child support order issued against him and that the State of Maryland in 2008 found that he had met his child support obligation.  *(See footnotes #1 and #2 supra)*.

To succeed on a claim under the CSRA, a Defendant must be shown to have willfully failed to pay a support obligation with respect to a child who resides in another State, and such obligation must remain unpaid for a period longer than one (1) year or be for an amount greater than five thousand dollars ($5,000.00).  *See* 18 U.S.C. § 228(a)(1).

Without the Defendant having an unpaid support obligation there can be no cause of action under the CSRA.

Additionally, an action brought under the CSRA is criminal in nature as the punishment includes imprisonment.  It is not proper for such a claim under the CSRA to be brought in a civil action.

---

[4] See Complaint, Page 22, lines 8 – 9.
[5] See Complaint, Page 9, Lines 21-22.

Further, res judicata and/or collateral estoppel prohibits the Plaintiff from bringing this cause of action. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. Curry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.*

Since this issue was raised in the State of Maryland in 2008 (*see footnote 2 supra)* and it was determined that the Defendant owed no additional child support, the Plaintiff is barred from pursuing a claim under the CSRA.

<u>Count 2 – Abuse of Process</u>

To succeed on a claim of abuse of process a Plaintiff must show (1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings. *Nienstedt v. Wetzel*, 133 Ariz. 348, 353, 651 P.2d 876, 881 (App. 1982).

A claimant must present more than just mere speculation to support the assertion that a defendant has used a court process with an improper intent. Instead, a plaintiff must show that the defendant's improper purpose was the primary motivation for its actions, not merely an incidental motivation. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 92 P.3d 882, 889 (Ariz. App. 2004)

The Defendant obtained a valid Order of Protection in Maryland. As admitted by the Plaintiff, the Order of Protection was upheld after a hearing. (*See footnote 3 supra)*.

////

////

////

The Plaintiff admits that she "confronted the defendant for actions" after officers of the court, and State and Federal investigators refused to proceed.[6]   She also admits that the Defendant recorded her calls and then used them to obtain the restraining order.[7]

Given these facts, along with the fact that the Plaintiff was afforded a hearing on the Order of Protection and the Order of Protection was upheld, it is clear that the Defendant's use of the legal process available to him to prevent further harassment and threats from the Plaintiff was justified.

Second, the statute of limitations has run and the Plaintiff is barred from bringing an abuse of process claim against the Defendant.

In Arizona, the statue of limitations on an abuse of process claim, which is a tort, is two (2) years.  *See A.R.S. § 12-542.*

The subject Order of Protection expired in 2009[8] (it was issued in 2007 and renewed in 2008).  Plaintiff's Complaint was filed on July 20, 2011, more than four (4) years after a cause of action would have accrued.  As such, the Plaintiff's claim is barred by the statute of limitations.

Count 3 – Defamation

Plaintiff has alleged both libel and slander against the Defendant.

Arizona law provides that "[n]o person shall have more than one cause of action for damages for libel, slander, invasion of privacy or any other tort founded upon a single publication, exhibition or utterance."  *See* A.R.S. § 12-651(A).  As such, the Plaintiff cannot have both a libel and a slander claim against the Defendant based upon his seeking of an order of protection against her.

---

[6] See Complaint, Page 31, Lines 16-18.
[7] See Complaint, Page 31, Lines 21-22.
[8] See Complaint, Page 5, Line 24.

Additionally, if the alleged defamatory statements are shown to be true, there can be no action for libel or slander.  "Arizona courts have long held that truth is a complete defense to an action for defamation."  *Fendler v. Phoenix Newspapers Inc.,* 636 P.2d 1257, 1260, 130 Ariz. 475, 478 (Ariz.App. 1981).   Further, the Court in *Fendler* held that if an alleged defamatory statement is substantially true, it provides an absolute defense to an action for defamation.  *Id.* at 1261, 479.

Plaintiff alleges that the Defendant's handwritten declaration, petition and statements in connection with a Petition for Order of Protection made to the Circuit Court in Anne Arundel County, Maryland, were false and defamatory.  Once again however, the doctrine of collateral estoppel prevents the Plaintiff from succeeding on such accusations. As admitted by the Plaintiff, the Order of Protection was upheld after a hearing.  (*See footnote 3 supra)*.  Therefore, the Maryland Court found that the allegations made by the Defendant were true.

Plaintiff's defamation claims are also barred by the statute of limitations.  A.R.S. § 12-541 provides that an action for libel or slander must be brought within one year after the cause of action accrues. The subject Order of Protection was issued in 2007.  *(See footnote 8 supra)*  The Plaintiff's claim is barred by the statute of limitations.

<u>Count 4 – Intentional Infliction of Emotional Distress</u>

To succeed on her intentional infliction of emotional distress ("IIED") claim, the Plaintiff must establish that (1) Defendant's conduct was "extreme and outrageous," (2) Defendant "intended to cause or recklessly disregarded the near certainty that emotional distress would result from their conduct," and (3) that Plaintiff suffered "severe emotional distress."  *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 199, 888 P.2d 1375, 1386 (Ct. App. 1994).

////

////

Plaintiff's IIED claim is barred by the statute of limitations.  A.R.S. § 12-542 provides that an action for injuries done to the person of another must be commended and prosecuted within two years after the cause of action accrues.

The Plaintiff's IIED claim is grounded in her allegation that she did not receive adequate child support from the Defendant for a period of twelve (12) years.[9]  Defendant's child support obligation terminated in 1989.[10]  Therefore, twenty-two (22) years have passed since the Plaintiff was entitled to any child support.  Her IIED claim is barred by the statute of limitations.

The Plaintiff also loosely refers to other actions that may encompass her IIED claim. These alleged actions took place in 2003[11], 2007[12] and 2008.[13]  These dates also fall well outside of the two-year statute of limitations for an IIED claim.

Additionally, the Plaintiff cannot succeed on an IIED claim based upon not receiving as much child support as she thinks she was owed.  It is impossible for the Plaintiff to show that the Defendant's conduct was "extreme and outrageous," that the Defendant "intended to cause or recklessly disregarded the near certainty that emotional distress would result from his conduct," and that she suffered "severe emotional distress."

To satisfy the element that the defendant's conduct is extreme and outrageous, the Plaintiff must show that the defendant's acts were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987).

In the present case, the Defendant paid all of his child support obligations as ordered by various courts.

---

[9] See Complaint, Page 39, Lines 24 – 26.
[10] See Complaint, Page 13, Lines 8-9.
[11] See Complaint, Page 40, Lines 26-27.
[12] See Complaint, Page 41, Lines 5 – 11.
[13] See Complaint, page 41, Lines 1 – 3.

The majority of the Plaintiff's allegations regarding her IIED claim center around the parties' daughter, JG, and alleged injuries she suffered.  The Plaintiff does not have standing to claim redress for alleged injuries suffered by her daughter.

Additionally, the Plaintiff cannot set forth that she has suffered severe emotional distress. She states that she has "suffered severe mental anguish, worry and distress, which **could lead** to permanent disability."[14]

In essence, the Plaintiff is stating that because she did not receive as much child support as she believed she was entitled to (despite the fact that no court has substantiated her claim) that she suffered worry and distress and that in the future this may lead to permanent disability.

<u>Dismissal of Defendant Melinda Grimaud</u>

The Plaintiff has failed to set forth any allegations against Defendant Melinda Grimaud or that any acts taken by the Defendant were on behalf of and to the benefit of the marital community.  As such, the Complaint must be dismissed against Defendant Melinda Grimaud.

**Rule 11 Sanctions**

Rule 11 of the Federal Rules of Civil Procedure provides that a claim brought by a party not be brought for an improper purpose, is warranted by existing law, and has factual contentions that have evidentiary support to the best of party's knowledge, information and belief, formed after a reasonable inquiry.

In this matter, three (3) of the Plaintiff's five (5) claims are clearly barred by the statute of limitations.

Plaintiff's claim under the CSRA fails because by the Plaintiff's own admission there is no outstanding child support obligation due by the Defendant.

---

[14] See Complaint, Page 41, Lines 13 – 16.

Plaintiff's abuse of process claim must fail because the Order of Protection obtained by the Defendant was upheld after a hearing.

Plaintiff's defamation claims are based upon statements made by the Defendant in obtaining an Order of Protection against her.  The Order of Protection was upheld after a hearing. Therefore, since truth of the matter asserted is an absolute bar to a defamation claim, the Plaintiff cannot possibly succeed.

Plaintiff's claim for IIED requests relief based upon the Plaintiff feeling that she did not receive adequate child support for the parties' child who reached majority in 1989, despite every court decision to the contrary.

Plaintiff's claim for fraud upon the court is equally flawed.  The Plaintiff does not allege that the Defendant committed a fraud upon the court.  Additionally, the cause of action must be directed at an office of the court, which the Defendant is not.

It is clear from reading Plaintiff's scandalous sixty (60) page Complaint that her real purpose in bringing this action is to embarrass and harass her ex-husband who by her own admission is a public figure and has top secret security clearance.  Her past actions have warranted, by her own admission, visits from the FBI and an Order of Protection being issued against her prohibiting her from entering the District of Columbia and certain parts of Maryland. She has continually harassed the Defendant by making wild and unsubstantiated allegations against him to among other governmental agencies, the Department of Defense, National Security Agency and the Central Intelligence Agency.

Rule 11(c)(3) of the Federal Rules of Civil Procedure permit the Court on its own initiative to order a party to show cause why its conduct has not violated Rule 11(b).  The Defendant respectfully requests that the Court order as such.

////

////

**MOVE TO STRIKE COMPLAINT PURSUANT TO RULE 12(F)**

Defendant moves to strike the Complaint in its entirety for its failure to state a claim under Rule 12(b)(6) and because it contains immaterial, impertinent and scandalous matter. The Complaint repeatedly states insufficient causes of action that have failed the most basic test – stating a claim upon which relief can be granted.

**CONCLUSION**

Plaintiff is the bitter ex-wife of the Defendant who clearly has spent considerable time and energy over many years to try and harm and harass the Defendant. This action is the latest attempt by the Plaintiff.

However, the Plaintiff fails to set forth any claims upon which relief can be granted. Many of the Plaintiff's claims are clearly barred by the statute of limitations.   None of the Plaintiff's claims are grounded in law nor are they being made in good faith.

There are no facts stated which support the causes of action upon which Plaintiff seeks to obtain relief from this Court and therefore, striking the Complaint in its entirety under Rule 12(f) and dismissal under Rule 12(b)(6) is proper.

WHEREFORE, the Defendant respectfully requests that the Court order the following:

1.    That judgment be entered in favor of the Defendants;

2.    That the Plaintiff's Complaint be stricken in its entirety;

3.    That the Defendants be awarded costs incurred in this matter;

4.    That the Defendants be awarded reasonable attorneys' fees incurred in this matter;

5.    That Rule 11 sanctions be assessed against the Plaintiff; and

6.    For any further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 16th day of August, 2011.

SINGER PISTINER, P.C.


 /s/ Jason Pistiner_____
Jason Pistiner
Attorney for Defendants


COPY of
The foregoing mailed this
16th day of August, 2011 to:

Sharon Louise Hodges
2601 E. McKellips, #1081
Mesa, Arizona 85213
Plaintiff

By /s/ Jason Pistiner_____